IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.16-33714 |
| | § | |
| BULLMOOSE MOTOR SPORTS, LLC | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |
| | § | |

**MOTION OF NEXTGEAR CAPITAL, INC. AND WESTLAKE FLOORING COMPANY, LLC TO REOPEN CASE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON MARCH 6, 2017, WHICH IS AT LEAST TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NextGear Capital, Inc. (hereinafter "NextGear) and Westlake Flooring Company, LLC (hereinafter "WFC"), parties in interest, file this Motion to Reopen Case (the "Motion") and in support thereof respectfully state the following:

### I. Summary of Relief Requested

1. NextGear and WFC (collectively, "Movants") request that the Court reopen the Debtor's bankruptcy case to allow Movants to proceed with the filing of an Adversary Proceeding against Dealer's Credit Express.

### II. Jurisdiction

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409(a).

### III. Background

4. Bullmoose Motor Sports, LLC (the "Debtor") initiated a Chapter 7 bankruptcy on September 21, 2016. Movants have outstanding lien priority issues they need to resolve with respect to the relief from automatic stay granted to Movants in the above-styled bankruptcy case.

5. NextGear filed an emergency motion for relief from stay against the Debtor on September 23, 2016, and after notice and hearing, the Court entered an agreed order on September 23, 2016 [Docket #17] lifting the stay as to the NextGear Vehicles (as defined in the order).

6. NextGear was only able to locate and recover one of the NextGear Vehicles, and after the foreclosure and sale of the one recovered NextGear Vehicle, there remains a deficiency balance of $250,253.68 owed to NextGear by Debtor.

7. Likewise, WFC filed an emergency motion for relief from stay against the Debtor on November 22, 2016, and after notice and hearing, the Court entered an agreed order on December 9, 2016 [Docket #50] lifting the stay as to the WFC Vehicles (as defined in the order).

8. WFC was only able to locate and recover eighteen (18) one of the WFC Vehicles, and after foreclosure and sale of the recovered WFC Vehicles, there remains a deficiency balance of $626,096.36 owed to WFC by Debtor.

**Motion to Reopen Case**                                                                                                                    **PAGE 2**

9. Movants agree and acknowledge the NextGear has a first priority perfected security interest as to all of the NextGear Collateral and its blanket security interest in all of Debtor's other assets, inventory, vehicles, and sales proceeds thereto, and that WFC's blanket security interest in the Debtor's assets, inventory, vehicles, and sales proceeds thereto is junior and subject to NextGear's first priority security interest.

10. Meanwhile, Dealer's Credit Express ("DCE") also filed an emergency motion to lift the stay on October 4, 2016 [Doc. # 19] regarding the nineteen (19) Vehicles (the "DCE Vehicles") and had or obtained possession, custody and control over fourteen (14) DCE Vehicles. The Court entered an order on October 21, 2016 [Doc. # 36] granting the relief in DCE's motion with the condition that DCE shall hold all funds obtained from the sale of any recovered vehicles in escrow.

11. Pursuant to Bills of Sale provided by DCE to the Chapter 7 Trustee, DCE has sold all fourteen (14) of the DCE Vehicles it was able to recover from Debtor for a collective sales amount of $331,348.58 (the "Escrowed Proceeds"), which said amount has presumably been escrowed by DCE pending further order of this Court. Counsel for Movants have requested numerous times from the counsel for DCE for an accounting of the Escrowed Proceeds and made demand for turnover of the Escrowed Proceeds. However, DCE has failed and refused to turn over the Escrowed Proceeds.

12. The Chapter 7 Trustee filed his Trustee's Report of 341(a) Meeting Held and Concluded [Docket #52] and on February 9, 2017, the Court entered an Order Approving Trustee Report and Discharging Trustee [Docket #53]. Accordingly, the Debtor's bankruptcy case was automatically closed on February 9, 2017.

IV. Argument and Authorities

13. Section 350(b) of the Bankruptcy Code authorizes this Court to reopen this case "to administer assets, to accord relief to the debtor, or *for other cause*."[1] Bankruptcy Rule 5010 allows Movants, as parties in interest, to request that the Debtor's bankruptcy case be reopened.[2] "The phrase 'or other cause' as used in §350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for reopening has been shown."[3] The discretion "depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings."[4] Accordingly the "for cause" phrase provides justification and discretion for the reopening of the Debtor's case.

14. Cause exists for the reopening of this case for the following reasons: (1) Movants will face irreparable harm if the relief sought in this Motion is not considered by the Court and (2) DCE was required by order of this Court to escrow the Escrowed Proceeds until such time as a determination could be made as to which creditors have a priority perfected security interest in such Escrowed Proceeds, and no such determination has been made by the Court concerning the extent of the parties' rights, obligations, duties, remedies, and entitled to possession of the Escrowed Proceeds. Upon the re-opening of the above-styled bankruptcy case, Movants will promptly file a joint adversary proceeding seeking a declaratory judgment as to which creditor has a first priority security interest in such Escrowed Proceeds.

WHEREFORE, PREMISES CONSIDERED, NextGear Capital, Inc. and Westlake Flooring Company, LLC respectfully request that the Court reopen the Debtor's bankruptcy case and grant NextGear Capital, Inc. and Westlake Flooring Company, LLC such other and further

---

[1] 11 U.S.C. § 350(b) (emphasis added).
[2] Fed. R. Bankr. P. 5010.
[3] *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991).
[4] *Id.*

relief to which they may be entitled.

        **Respectfully Submitted,**

        PADFIELD & STOUT, LLP
        421 W. Third Street, Suite 910
        Fort Worth, Texas 76102
        Phone: 817-338-1616
        Fax: 817-338-1610
        abp@livepad.com
        ms@livepad.com
        carisco@livepad.com

        /s/ Alan B. Padfield
        Alan B. Padfield
        Bar Card [Tex.] 00784712
        Mark W. Stout
        Bar Card [Tex.] 24008096
        Christopher V. Arisco
        Bar Card [Tex.] 24064830

        COUNSEL FOR NextGear Capital, Inc.
        and Westlake Flooring Company, LLC

## CERTIFICATE OF CONFERENCE

I certify that on February 9, 2017 I contacted Jeffrey H. Mims, the Chapter 7 Trustee in this case. I left a voicemail message with Mr. Mims and requested a return call back to discuss the relief in this motion. Mr. Mims responded by e-mail on February 9, 2017, advising that he had no official position on Movants' motion to reopen the bankruptcy case.

I certify that on February 9, 2017, I placed a phone call to Joyce Lindauer, counsel for the Debtor in this case. I left a message with Ms. Lindauer's legal receptionist and requested a return call. Ms. Lindauer responded to me by e-mail later in the evening on February 9, 2017, and advised she was unopposed to the relief sought in this motion.

        /s/ Christopher V. Arisco
        Christopher V. Arisco

## **CERTIFICATE OF SERVICE**

   The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, February 10, 2017; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| Bullmoose Motor Sports, LLC<br>1624 W. Crosby Rd., Suite 101<br>Carrollton, Texas 75006<br><br>*Debtor* | Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>12720 Hillcrest Road, Suite 625<br>Dallas, TX 75230<br>*Debtor's Attorney* |
| US Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, Texas 75242 | Jeffrey H. Mims<br>Founders Square, Suite 560<br>900 Jackson Street<br>Dallas, Texas 75202<br>*Chapter 7 Trustee* |
| Valdwood Improvement Authority<br>c/o Eboney Cobb<br>500 E. Border Street, Suite 640<br>Arlington, Texas 76010 | EastGroup Properties, LP<br>c/o Michael S. Held<br>Jackson Walker, LLP<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas 75201 |
| Amber Florio<br>420 Throckmorton Street, Suite 200<br>Fort Worth, Texas 76107<br><br>*Counsel for Dealers Credit Express, Inc.* | |

                    /s/ Alan B. Padfield